**WOMBLE v. WILEY et ux.**

No. 13853.

Court of Civil Appeals of Texas. Dallas.

Feb. 13, 1948.

Katherine Counts, of Dallas, for appellant.

Thompson, Knight, Harris, Wright & Weisberg and Dan Rogers, all of Dallas, for appellees.

YOUNG, Justice.

This action for treble damages and attorney's fees was brought by James R. Wiley and wife against N. B. Womble, doing business as Womble Used Car Lot, pursuant to provisions of Emergency Price Control Act of 1942, sec 205(e), as amended, 50 U.S.C.A.Appendix, § 925(e); arising from the sale of an automobile at a price allegedly in excess of that permitted under sec. 540, Maximum Price Regulations. Upon trial to a jury and close of testimony, plaintiffs' motion for instructed verdict was sustained, that of defendant denied, followed by judgment for triple damages and attorney's fees as prayed; defendant appealing.

Plaintiffs (Wiley and wife) on August 9, 1945, had purchased from defendant Womble a 1941 Buick automobile, paying therefor the sum of $1,698 exclusive of taxes. At the time there were two levels of ceiling prices on used cars as fixed by Office of Price Administration: (1) A top or warranty price level under which the authorized dealer was required to either maintain a service department in support of such warranty, or attach to his particular application the contract of a service supplier (another automobile repair company) approved by OPA; (2) a lower level at which used cars were sold "as is", or without warranty. It was alleged that defendant had sold the car at the top or warranted price, whereas he was only lawfully entitled to charge a price of $1,360, a difference of $338; and with attorney's fees fixed at $200, final judgment was accordingly rendered in amount of $1,214.

Evidence adduced by plaintiffs at the hearing was in substance, the following: (1) Testimony of Roy Bryan, Dallas head of Automotive and Industrial Section, OPA, during 1945, who said in effect that his office had received the application of N. B. Womble, dealer, for authority to sell secondhand automobiles (both with and without warranty) on August 10, 1945, certificate therefor issuing and going into effect October 8; (2) exhibits, consisting of (a) Womble's application dated July 25, 1945; (b) contract with service supplier (Herbert Owens Buick Service) approved by witness Bryan October 2, 1945; (c) the following request for admissions of fact (Rule 169, Texas Rules of Civil Procedure) and defendant's answers thereto: "Pursuant to Rule 169 of the Texas Rules of Civil Procedure, plaintiff hereby makes written request of defendant of the truth of the respective relevant matters of fact set forth herein. Such answer as may be made to this request will please be made within eleven days from the date of the delivery of a copy hereof to the office of defendant's attorney of record. Any admission made by defendant pursuant to this request is for the purpose of the pending action only, and neither constitutes an admission by him for any other purpose, nor may be used against him in any other proceeding. '1. On or about August 9, 1945, N. B. Womble, defendant herein, was operating as a used car dealer a place of business located at 2400 Ross Avenue in the City and County of Dallas, Texas. 2. On said date said defendant sold to James R. Wiley and wife, Dorothy Wiley, plaintiffs herein, a 1941 Buick Convertible Coupe automobile, Model 56-C, bearing motor No. 54444885. 3. The price for which defendant sold said automobile to plaintiff

was $1,698.00, exclusive of all taxes. 4. At the time of the sale of said automobile to plaintiff the maximum amount for which defendant could under the Office of Price Administration regulations sell said car equipped as it was when sold to plaintiff was $1,360.00, exclusive of all taxes. 5. Defendant was not at the time of the sale of said automobile to plaintiff classified by the Office of Price Administration as a "warranty dealer". 6. Defendant was not at the time of the sale of said automobile to plaintiff qualified under the Office of Price Administration regulations as a warranty dealer. 7. Some time following the sale of said automobile to plaintiff defendant qualified under the Office of Price Administration regulations as a warranty dealer. 8. Some time following the sale of said automobile to plaintiff defendant was by the Office of Price Administration classified as a warranty dealer. 9. The price at which defendant sold said automobile to plaintiff was the maximum amount allowed by the Office of Price Administration for the sale of such automobile by a warranty dealer'." "Answer to Plaintiff's Requests for Admissions of Fact. Now comes the defendant, N. B. Womble, and in response to plaintiff's written request for admissions of certain facts would answer as follows: 1. Yes. 2. Yes. 3. Yes. 4. If said defendant was under the interpretation of regulation of the Office of Price Administration not a warranty dealer, then he was not permitted to sell the car for more than $1,360.00, exclusive of all taxes, however, said defendant had been a warranty dealer and was under the impression that he still was a warranty dealer. He, therefore, sold said car for $1,698.00, exclusive of all taxes, and gave a warranty to the plaintiff. 5 & 6. As to whether or not defendant was classified by the Office of Price Administration as a warranty dealer, and as to whether or not he was qualified as a warranty dealer depends upon the following facts: said defendant had been operating for sometime by permission of the Office of Price Administration as a warranty dealer. His license had not been revoked, however, said defendant had received information from the Office of Price Administration

that he was to reapply along with other used car dealers for an authorization as a warranty dealer. In compliance with this, he filled out and mailed to the Office of Price Administration the form requested by that office. Therefore, the question as to whether said defendant was classified and qualified as a warranty dealer would depend upon the interpretation of the regulation of the Office of Price Administration, and as to whether or not the requirement that used car dealers reapply for a new authorization amounted to a revocation of defendant's being able to operate as a warranty dealer until he received a new authorization. 7 & 8. Defendant was issued his new authorization certificate on October 8, 1945, so if he had not, under the interpretation of regulation, been qualified or classified before that date, he would on October 8, 1945, have become qualified and classified as a warranty dealer. 9. Yes."

Defendant Womble had been in attendance at the beginning of trial but was absent the following day. After introduction of the testimony just narrated, plaintiffs rested, whereupon defense counsel announced that "Mr. Womble was supposed to come in by plane last night and his plane evidently was grounded, and with that, the defendant rests." Plaintiffs' counsel then requested further time pending the appearance of defendant, stating that he had expected to use the latter as a witness, which delay was by the court refused; announcing that plaintiffs had already made out a case and the peremptory instruction followed. Defendant's answer embodied exceptions, general denial and allegations to the effect that in the transaction with plaintiffs he had complied with all OPA Regulations relative to a warranted car.

It is appellees' contention that above judicial admissions conclusively establish a violation of ceiling prices, thus authorizing the court to definitely fix amount of defendant's liability under the Price Control Act as a matter of law. The 1942 Act, § 205, amended in 1944, reads in part: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodi-

ty for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In any action under this subsection, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, * * * provided, however, that such amount shall be the amount of the overcharge or overcharges if the defendant proves that the violation of the regulation, order, or price schedule in question was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation." 50 U.S.C.A. Appendix, § 925(e).

We may properly infer from the record that Womble had previously operated as a warranty dealer under authorization revoked by order of the Administrator as of August 1, 1945 (See Maximum Price Regulation 540, sec. 15(b) (5), issued September 6, 1945, applicable to all dealers). This made necessary his renewal of application, reciting among other things that he was not then conducting a service department (Exhibit 2), which papers were received by the local OPA August 10. Otherwise plaintiffs' motion for instructed verdict appears predicated entirely upon defendant's admissions of fact already quoted.

 It will be noted that the treble damage assessment of sec. 925(e) is a matter for the discretion of the trial court; defendant being accorded the partial defense of proving that his unlawful act was neither willful nor the result of failure to take practicable precautions against oc-

currence of the violation. The dealer's good faith throughout a particular transaction could thereby be made an issue, which, if established, would mandatorily reduce his liability to amount of overcharge plus attorney's fees. Shearer v. Porter, Administrator, 8 Cir., 155 F.2d 77; Bowles v. Wheeler, 9 Cir., 152 F.2d 34. Such defense was here implicit in the "Judicial Admissions" introduced by plaintiffs as part of their evidence in chief and by which they were bound, being (1) that Womble had previously been a warranty dealer and (2) that from the information given him by OPA, he was under the impression that he could lawfully continue to operate as a warranty dealer pending renewal of authorization. Plaintiffs had alleged that defendant's violation of the Regulation in question was "willful" and "intentional", and by urging their motion for peremptory instruction had necessarily assumed as true all evidence favorable to defendant; 41 T.J., p. 949. Defendant's general denial put in issue plaintiffs' charge of willful violation of Regulations; and while we think the testimony as a whole conclusively indicated a revocation of authority to sell at the warranty level pending renewal of certificate, the same evidence just as conclusively admitted the truth of defendant's position that his conduct "was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation." Plaintiffs' evidence, under the peremptory instruction given, did not warrant an assessment of damages in a sum greater than actual amount of the overcharge. The judgment is therefore reduced to the sum of $338 and attorney's fees of $200, a recovery in full of $538. All points of error presented by appellant are overruled and, as modified, the judgment of the trial court is affirmed.

Reformed and affirmed.